**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| SUSAN FINGER, | ) Case No. |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR VIOLATIONS** |
| | ) **OF THE FEDERAL SECURITIES** |
| VAALCO ENERGY, INC., ANDREW L. | ) **LAWS** |
| FAWTHROP, GEORGE MAXWELL, | ) |
| CATHY STUBBS, and FABRICE NZE- | ) **JURY TRIAL DEMANDED** |
| BEKALE, | ) |
| Defendants. | ) |

Plaintiff Susan Finger ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for her Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against VAALCO Energy, Inc. ("VAALCO" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed merger of the Company with TransGlobe Energy Corporation ("TransGlobe").[1]

2. On July 21, 2022, the Company entered into an arrangement agreement with VAALCO Energy Canada ULC ("AcquireCo"), an indirect wholly owned subsidiary of VAALCO, and TransGlobe (the "Arrangement Agreement"). The Arrangement Agreement provides AcquireCo will acquire all of the issued and outstanding TransGlobe common shares

---

[1] The proposed acquisition of VAALCO described herein is referred to as the "Proposed Transaction."

pursuant to a plan of arrangement with TransGlobe becoming a direct wholly owned subsidiary of AcquireCo and an indirect wholly owned subsidiary of VAALCO. The Arrangement Agreement further provides that TransGlobe stockholders will receive 0.6727 of a share of VAALCO common stock for each TransGlobe common share, subject to adjustment.[2] The Arrangement Agreement also requires the Company to issue approximately 49.3 million additional shares of VAALCO common stock (the "Share Issuance").[3]

3. The Company's corporate directors subsequently authorized the August 30, 2022 filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that VAALCO stockholders vote in favor of the Share Issuance and Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[4]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the

---

[2] VAALCO's stockholders will own approximately 54.5% of the combined company upon consummation of the Arrangement Agreement.

[3] VAALCO is a New York Stock Exchange ("NYSE") listed company. NYSE listing rules obligate VAALCO to secure stockholder approval before issuing 20% or more of its outstanding common stock. The Proposed Transaction is therefore contingent upon VAALCO stockholders approving the proposed Share Issuance.

[4] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for September 29, 2022.

material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of VAALCO common stock.

10. Defendant VAALCO is a Delaware corporation with its principal executive offices located at 9800 Richmond Avenue, Suite 700, Houston, Texas 77042. VAALCO's shares trade on the NYSE under the ticker symbol "EGY." Founded in 1985, VAALCO is an independent energy company that acquires, explores for, develops, and produces crude oil and natural gas. VAALCO's primary revenue source is an Etame production sharing contract related to the Etame

Marin block located offshore in the Republic of Gabon in West Africa. The Company also owns interests in an undeveloped block offshore Equatorial Guinea, West Africa.

11.     Defendant Andrew L. Fawthrop is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12.     Defendant George Maxwell is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

13.     Defendant Cathy Stubbs is and has been a director of the Company at all times relevant hereto.

14.     Defendant Fabrice Nze-Bekale is and has been a director of the Company at all times relevant hereto.

15.     Defendant Defendants identified in paragraphs 11-14 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

16.     On July 14, 2022, VAALCO and TransGlobe jointly announced in relevant part:

HOUSTON and CALGARY, Alberta, July 14, 2022 (GLOBE NEWSWIRE) -- VAALCO Energy, Inc. (NYSE: EGY; LSE: EGY) ("VAALCO") and TransGlobe Energy Corporation (TSX: TGL; NASDAQ: TGA; AIM: TGL) ("TransGlobe") (VAALCO and TransGlobe together, the "Combined Company") announced today that they have entered into a definitive arrangement agreement (the "Arrangement Agreement") pursuant to which VAALCO will acquire all of the outstanding common shares of TransGlobe in a stock-for-stock strategic business combination transaction valued at US$307 million (the "Transaction"). Under the terms of the Arrangement Agreement, VAALCO will acquire each TransGlobe share for 0.6727 of a VAALCO share of common stock, which represents a 24.9 percent[(1)] premium per TransGlobe common share based on the companies' respective 30-day volume weighted average share prices as of market close on July 13, 2022. The Transaction will result in VAALCO stockholders owning approximately 54.5 percent and TransGlobe shareholders owning approximately 45.5 percent of the Combined Company.

Strategic Rationale for the Transaction

The combination of VAALCO and TransGlobe will create a world-class African-focused E&P Company supporting sustainable growth and stockholder returns, and provide a host of benefits to the Combined Company's stockholders and other stakeholders:

- The Transaction will bring together two complementary businesses, creating an operated, full-cycle portfolio of low-risk, high return assets under a production and development-oriented business model:

    o Assets located in prolific and established basins in Egypt, Gabon, Equatorial Guinea and Canada, with significant future growth potential;

    o Combination of two highly capable subsurface / technical, operational and business development teams enabling the pooling of operational best practices, skills and technology across the combined portfolio; and

    o A highly experienced management team with an established and multi-decade track record of value creation in the Combined Company's areas of operation;

- The Combined Company will have a larger, and more diversified reserves and production base, enhancing risk management, increasing portfolio optionality to high-grade and sequence investment projects towards the highest-return projects, as well as increasing access to a broader set of capital sources relative to each company on a standalone basis. The management of VAALCO and TransGlobe estimate:

    o Combined 2022 mid-point production guidance of 19,100 barrels of oil equivalent per day ("boepd") on a net revenue interest ("NRI") (96 percent oil & liquids) basis across Egypt, Gabon and Canada and 24,400 boepd on a working interest ("WI") basis[2];

    o Combined proved (1P) reserves on an NRI basis of 32 million barrels of oil equivalent ("MMboe") (92 percent oil) and 41 MMboe on a WI basis (92 percent oil) (as at January 1, 2022 in the case of VAALCO and as at December 31, 2021 in the case of TransGlobe)[2]; and

    o Combined proved plus probable (2P) reserves on an NRI basis of 51 MMboe (90 percent oil) and 66 MMboe (91 percent oil) on a WI basis (as at January 1, 2022 in the case of VAALCO and as at December 31, 2021 in the case of TransGlobe)[2];

- The Combined Company will be in a net cash[3] position, with US$53 million in combined net cash as of March 31, 2022 (prior to the receipt of US$44.6 million in April 2022 from VAALCO's March 2022 lifting), and

    have operational free cash flows to underpin sustainable stockholder returns and growth while maintaining sufficient liquidity and a continued robust balance sheet;

- The Combined Company will reinforce VAALCO's and TransGlobe's existing commitment to financial discipline and stockholder returns, with a target annualized dividend of US$28 million, an annualized target of approximately 25 cents per share (with payments to be made quarterly), and with a focus on further enhancing stockholder distributions through returning excess cash via share buybacks and/or dividends;

- The Combined Company will have an attractive inventory of organic growth projects across the portfolio in all regions, and will be more favorably positioned to self-fund, optimize and generate value from these projects on account of the Combined Company's superior operational and technical capabilities and financial resources, relative to each of VAALCO and TransGlobe on an individual basis;

- In addition, with increased scale and broader geographical operations, it is expected that the Combined Company will be well positioned to benefit from additional targeted inorganic growth in Africa, with reference to strict strategic, financial and operational criteria;

- Stockholders in the Combined Company should benefit from a more liquid investment, with an increased number of shares traded on the NYSE and LSE, a combined stockholder profile and increased visibility in the public capital markets, building on the strong equity performance of each of VAALCO and TransGlobe in recent years; and

- The Boards of Directors of both companies have unanimously approved the Transaction.

George Maxwell, VAALCO's Chief Executive Officer, said:

*"This transformational transaction is consistent with VAALCO's strategic growth objectives of expanding our African footprint and providing an enlarged platform to deliver long-term, sustainable value for our stockholders. The respective portfolios complement one another well and result in a diverse, full-cycle asset base which materially increases our production, more than doubles our reserves, and significantly enhances our ability to generate meaningful cash flow. Just as important, this combination results in a financially stronger company with no net debt, significant cash on the balance sheet and the size and scale to better fund and execute on a robust set of organic opportunities while delivering accretive long-term growth objectives.*

*"VAALCO and TransGlobe share similar corporate cultures with firm commitments to financial discipline, stockholder value, operational excellence and*

*positive ESG impact. As such, we believe this transaction is mutually beneficial for the broader stakeholders of both companies and reinforces the ability of the Combined Company to deliver on those commitments. We look forward to engaging with both sets of equity holders as we re-emphasize the mutually beneficial nature of the proposed transaction and the vision for the stronger Combined Company."*

Randy Neely, TransGlobe's President and Chief Executive Officer, said:

*"We are very pleased to bring together two leading international oil and gas companies, each with decades of operational excellence in Africa. Under the stewardship of a joint VAALCO and TransGlobe board, we are confident that the assets of VAALCO and TransGlobe will continue to provide strong shareholder returns. The additional scope and scale of the combined entity will provide a larger platform, which will provide greater stability to TransGlobe's practice of distributing cash to shareholders as well as growth investment in TransGlobe's operations in Egypt and Canada. The TransGlobe management team is committed to working with George, Ron and their team to ensure a successful combination of our industry-leading teams."*

Management, Board and Corporate Matters

The Combined Company will continue to be led by George Maxwell as Chief Executive Officer and Ron Bain as Chief Financial Officer, with the executive team of TransGlobe remaining with the business through a three to six month transition period.

- The Combined Company's Board of Directors will be proportionally comprised of VAALCO and TransGlobe non-executive directors, with Andrew L. Fawthrop as Chair, David Cook, Edward LaFehr, Tim Marchant, Fabrice Nze-Bekale, and Cathy Stubbs as non-executive directors and George Maxwell as a director and Chief Executive Officer;

- TransGlobe's technical teams in Canada and Egypt provide skillsets that are applicable to the entire combined portfolio;

- VAALCO will remain a Delaware corporation with its corporate headquarters situated in Houston, Texas;

- VAALCO's shares will continue be listed on the NYSE and are intended to be readmitted to trading on the Standard Segment of the LSE, both under the ticker symbol "EGY;" and

- VAALCO intends to apply for the cancellation of trading of TransGlobe's shares on AIM, and the delisting of TransGlobe's shares from the TSX and TransGlobe's shares will be delisted from the Nasdaq.

Transaction Terms

- VAALCO to acquire, through an indirect wholly owned subsidiary, each TransGlobe share for 0.6727 of a VAALCO share;

- Implied TransGlobe equity value of US$307 million (with premium), and enterprise value of US$273 million assuming cash of US$37 million and debt of US$3 million as of March 31, 2022;

- A 24.9 percent premium per TransGlobe share based on VAALCO's and TransGlobe's respective 30-day volume weighted average share prices as of July 13, 2022;

- VAALCO stockholders and TransGlobe shareholders will own approximately 54.5 percent and 45.5 percent of the Combined Company, respectively;

- The Transaction will be implemented by way of a court-approved plan of arrangement under the *Business Corporations Act* (Alberta);

- The Transaction requires approval by at least 66 2/3% of the votes cast by the holders of TransGlobe shares present in person or represented by proxy at a special meeting of the holders of the TransGlobe shares to be called to consider the Transaction;

- The issuance of the VAALCO shares pursuant to the Transaction requires approval by the holders of a majority of shares of VAALCO common stock who, being present or voting by proxy and entitled to vote at the VAALCO stockholders meeting, cast votes affirmatively or negatively on the VAALCO share issuance resolution.  VAALCO will also propose to amend its certificate of incorporation to increase the size of its authorized share capital in order to issue the VAALCO shares.  Approval of this proposed amendment will be required by the holders of a majority of the outstanding shares of VAALCO common stock entitled to vote at the VAALCO stockholders meeting;

- The Arrangement Agreement provides for customary deal protection provisions, including reciprocal non-solicitation covenants and rights to match superior proposals;

- The Arrangement Agreement provides for mutual termination fees of US$9.15 million in the event the Transaction is terminated by either party in certain circumstances; and

- Each of VAALCO's and TransGlobe's directors and certain members of the executive leadership team have entered into voting support agreements agreeing to vote their shares or stock in favor of the Transaction.

8

Path to Completion

The Boards of Directors of both companies have unanimously approved the Transaction.

The Transaction is expected to close in the second half of 2022. Closing of the Transaction is subject to approval by the stockholders of VAALCO and the shareholders of TransGlobe, the approval of the Court of Queen's Bench of Alberta, approval for listing of the VAALCO shares to be issued on the applicable stock exchanges and other customary closing conditions.

It is anticipated that both the TransGlobe shareholder and VAALCO stockholder meetings will take place in the second half of 2022.

**The Materially Incomplete and Misleading Proxy Statement**

17.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on August 30, 2022. The Proxy Statement, which recommends that VAALCO stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning the Company's financial forecasts and the financial analyses that support the fairness opinions provided by the Company's financial advisor Stifel, Nicolaus & Company, Incorporated ("Stifel").

*Material Misrepresentations and/or Omissions Concerning Financial Forecasts for VAALCO and Stifel's Financial Analyses*

18.     The Proxy Statement fails to disclose material information concerning the financial forecasts for VAALCO, including the projected future after-tax cash flows that VAALCO could be expected to generate from its proved reserves ("Low Case") and proved and probable reserves ("Base Case" and "High Case," with the latter reflecting a risked upside to the proved and probable reserves) utilized by Stifel in connection with its *Discounted Cash Flow Analysis* of VAALCO, and the underlying projection line items.

19. The Proxy Statement similarly fails to disclose the projected future after-tax cash flows that TransGlobe could be expected to generate from its proved reserves and proved and probable reserves, for each of the Low Case, Base Case and High Case, utilized by Stifel in connection with its *Discounted Cash Flow Analysis* of TransGlobe, and the underlying projections line items.

20. The Proxy Statement fails to disclose material information concerning Stifel's financial analyses.

21. With respect to the *Discounted Cash Flow Analysis* of TransGlobe performed by Stifel, the Proxy Statement fails to disclose: (a) the net-entitlement cash flows (after accounting for the effect of asset specific fiscal regimes) generated by TransGlobe's proved reserves or proved and probable reserves or a risked upside case of the proved and probable reserves, for each of the Low Case, Base Case and High Case; (b) the amount of the back-dated entitlement payments receivable from Egyptian General Petroleum Corporation; (c) TransGlobe's net cash; (d) the net proceeds of the impending sale of TransGlobe's Canadian Viking assets; (e) TransGlobe's working capital used in the analysis; (f) the sum of TransGlobe's corporate taxes and liabilities in respect of cash settled securities; (g) the inputs and assumptions underlying the range of discount rates utilized by Stifel in the connection with the analysis; and (h) TransGlobe's common shares outstanding.

22. With respect to the *Discounted Cash Flow Analysis* of VAALCO performed by Stifel, the Proxy Statement fails to disclose: (a) the net-entitlement cash flows (after accounting for the effect of asset specific fiscal regimes) generated by VAALCO's proved reserves or proved and probable reserves or a risked upside case of the proved and probable reserves for each of the Low Case, Base Case and High Case; (b) VAALCO's net cash; (c) VAALCO's working capital

used in the analysis; (d) the inputs and assumptions underlying the range of discount rates utilized by Stifel in the connection with the analysis; and (e) VAALCO's fully diluted shares outstanding.

23. With respect to the Selected *Public Companies Analysis* of TransGlobe performed by Stifel, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by Stifel, in addition to TransGlobe's projected EBITDA for 2022, the twelve months following May 31, 2022 and 2023, based on the Base Case and the proved and probable reserves production profile provided by TransGlobe management and adjusted by VAALCO management.

24. With respect to the *Selected Public Companies Analysis* of VAALCO performed by Stifel, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by Stifel, in addition to VAALCO's projected EBITDA for 2022, the twelve months following May 31, 2022 and 2023, based on the Base Case and the proved and probable reserves production profile provided by VAALCO management.

25. With respect to the *Selected Precedent Transactions Analysis* of TransGlobe performed by Stifel, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics for each of the selected transactions analyzed by Stifel; (b) TransGlobe's estimated proved and probable reserves; (c) TransGlobe's projected EBITDA for the twelve months following May 31, 2022; and (d) TransGlobe's estimated average daily production for the calendar year 2022 used in the analysis.

26. With respect to Stifel's *Analyst Price Target* analysis, the Proxy Statement fails to disclose the individual price targets observed and their respective sources.

27. The omission of the above-referenced information renders statements in the "Summary of Certain VAALCO and TransGlobe Financial Projections" and "Opinion of Financial

Advisor to VAALCO" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of VAALCO will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and VAALCO**

28.   Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

29.   The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. VAALCO is liable as the issuer of these statements.

30.   The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

31.   The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

32.   The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

33. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

34. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

35. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37. The Individual Defendants acted as controlling persons of VAALCO within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Black.  Knight and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

38. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

39. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

40. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

41. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Mandiant, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the

Exchange Act;

        D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

        E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 14, 2022

By **LONG LAW, LLC**

*/s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*

15